# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE ANTHONY BROWN** | : | **CIVIL ACTION** |
| *Plaintiff pro se* | : | |
| | : | |
| **v.** | : | **NO. 23-CV-1265** |
| | : | |
| **MICHELLE HANGLEY,** *et al.*, | : | |
| *Defendants* | : | |

# M E M O R A N D U M

NITZA I. QUIÑONES ALEJANDRO, J.                                      AUGUST 10, 2023

Currently before the Court is a Second Amended Complaint, ("SAC" (ECF No. 12)), filed

by Plaintiff Willie Anthony Brown, a self-represented litigant.[1]  In the SAC, Brown asserts claims

---

[1]     Since filing his initial Complaint, Brown has filed three Requests for Injunctive Relief.  (*See* ECF Nos. 10, 11, 12.)  Brown's first Request for Injunctive Relief is virtually identical to the Complaint, except that it adds a claim against Philadelphia Public Defender Beverly Beaver and includes approximately 80 pages of Exhibits.  (*See* ECF Nos. 10 at 8, 10-1 through 10-9.).  Brown's third Request for Injunctive Relief is also virtually identical to both the Complaint and the first Request for Injunctive Relief but does not include any Exhibits.  (*See* ECF No. 12.).  Despite titling these pleadings as Requests for Injunctive Relief, Brown refers to them as "complaints" in the body of the documents.  (*See* ECF No. 10 at 8, ECF No. 12 at 8.).  Since these two filings are better construed as pleadings, the Clerk of Court will be directed to docket ECF No. 10 and ECF No. 12 as "Amended Complaint" and "Second Amended Complaint," respectively.

In general, an amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

Moreover, the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant.  *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily

against Philadelphia Court of Common Pleas Judge Michelle Hangley, Philadelphia Court of Common Pleas Clerk of Court Eric Feder, the Philadelphia Court of Common Pleas, City of Philadelphia Police Officer Duane White, Pennsylvania Governor Josh Shapiro, the Commonwealth of Pennsylvania, Philadelphia Public Defender Beverly Beaver, the United States Treasury Secretary Janet Yellen, and the United States. (SAC at 7, 8, 18.) Brown has also filed a motion for leave to proceed *in forma pauperis*, (ECF No. 9), and a request for injunctive relief. (*See* ECF No. 11.) For the reasons set forth, Brown is granted leave to proceed *in forma pauperis*, and his claims against Hangley, Beaver, the Philadelphia Court of Common Pleas, the Commonwealth of Pennsylvania, Yellen. the United States, and his official capacity claims against Hangley, Feder, and Shapiro are dismissed, with prejudice, as frivolous. Brown's claims against Feder, Shapiro, and White are dismissed without prejudice for failure to state a claim. Brown's request for injunctive relief is denied without prejudice.[2] Brown will be granted leave to file a third amended complaint, to cure the deficiencies noted in this memorandum.

---

complicate interpretation of a movant's allegations and intent[] . . . ."). Accordingly, the Court will screen Brown's Second Amended Complaint as the most recently filed pleading, which now governs his claims.

The Court notes that Brown has included his full Social Security number in the Complaint, the Amended Complaint, and the Second Amended Complaint. Federal Rule of Civil Procedure 5.2 directs litigants to include only the last four digits of their Social Security numbers in filings with the Court. The Clerk of Court will be directed to mark these documents as case participants view only. Brown will be directed to refrain from including his social security number in future filings.

[2] The filing docketed as a Request for Injunctive Relief is titled "Petition to Vacate Existing Order" and bears what appears to be a caption from the Family Division of the Philadelphia Court of Common Pleas. (*See* ECF No. 11.) Brown appears to seek intervention in a proceeding in family court, the relevance of which is unclear. The motion will be denied.

## I.   FACTUAL ALLEGATIONS[3]

Brown's SAC is lengthy and largely incomprehensible. [4]  Therein, Brown, *inter alia*, engages in a rambling discussion of admiralty law, (SAC at 2-6), asserts that he has been the victim of human trafficking for purposes of the Fair Credit Reporting Act[5], (*id.* at 8, 12-15), and asserts that Defendants are engaging in a wide-ranging conspiracy involving the sales and transport of United States Treasury securities.[6]  (*Id.* at 9-12).  Brown includes with his SAC a "Letter of Tax-

---

[3]     The factual allegations are taken from Brown's SAC (ECF No. 12.)  The Court adopts the pagination supplied by the CM/ECF docketing system.  Additionally, the Court includes facts reflected in the publicly available state court docket for Brown's underlying criminal proceeding, of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[4]     Brown's SAC is replete with the type of nonsensical language and legalisms often found in pleadings filed by adherents to the so-called sovereign citizen movement, such as describing himself as both a "natural person," a "holder in due course" of a "vast pure express trust," and a "'non-resident alien' with respect to the 'United States' [ ] outside the general venue and jurisdiction of the 'U.S.'"  (SAC at 1, 2, 21.)  He asserts that he is not required to obtain a Social Security number, and that he is exempt from taxes because of his status.  (*Id.* at 22.)  "[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity.  *See United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *United States v. Crawford*, No. 19-15776, 2019 WL 5677750, at *1 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use fake UCC financing statements against prosecutor was a legal nullity); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars.").

[5]     The Fair Credit Reporting Act ("FCRA") was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  The FCRA provides a means of recovery from consumer credit reporting agencies and furnishers of credit information.  None of the Defendants named in the SAC is a credit reporting agency or a furnisher as those terms are defined in the FCRA.  Any FCRA claim is therefore dismissed as not plausible.

[6]     Any claims based on this alleged conspiracy are dismissed as frivolous.  *See, e.g. Nduka v. Williams*, 410 F. Supp. 3d 719, 721-722 (E.D. Pa. 2019) (finding *pro se* plaintiff's allegations of "the existence of a wide-reaching conspiracy among various rappers, producers, and their 'affiliates' specifically designed to thwart his success in the music industry by hacking devices and engaging in a social media campaign to taunt [plaintiff]" were wholly incredible and warranted dismissal as factually frivolous pursuant to § 1915(e)(2)(B)(i)).

Exempt Foreign Status" (*id.* at 19-25), a document titled "Sovereign Hierarchy Usufruct Galaxial" (*id.* at 25-26), and an "Affidavit of Ownership of Registered Securities and Certificate of Title." (*Id.* at 29-44.)  However, the SAC is devoid of comprehensible factual allegations describing any event which could give rise to any claims against the named Defendants.

Early in the SAC, Brown asserts that Defendants commenced a case against him at CP-51-CR-0006768-2022.  (SAC at 2.)  The publicly available docket in *Commonwealth v. Brown*, CP-51-CR-6768-2022 (C.P. Philadelphia) reveals that Brown was arrested on June 20, 2022, and charged with drug related offenses.  Defendant White is identified as the arresting officer.  (*Id.*)  Although the state court docket is not entirely clear, it appears that a waiver trial on the pending charges was held on June 23, 2023, before Defendant Hangley.  (*Id.*)  The docket reflects that Judge Hangley signed an order granting a *Motion to Revoke/Release and Forfeit Bail* on that date. (*Id.*)  The Court Summary cataloguing criminal proceedings against Brown reflects that a bench warrant was issued, but again, it is not entirely clear when it was issued or whether it is currently active.  It appears that these criminal proceedings underlie Brown's claims in this case.

In the SAC, Brown refers to due process and the Fourth and Fifth Amendments of the United States Constitution.  As such, this Court understands him to be asserting § 1983 claims based on alleged constitutional violations.  As recovery, he requests the return of unidentified

property, the dismissal of the charges brought against him in *Commonwealth v. Brown*,[7] loss of

employment of all named Defendants,[8] and an award of money damages.  (*Id.* at 16-20.)

## II.    STANDARD OF REVIEW

Pursuant to 828 U.S.C. § 1915, the Court grants Brown leave to proceed *in forma pauperis*

because it appears that he is unable to pay the required filing fee.  Accordingly, § 1915(e)(2)(B)(i)

requires the Court to dismiss the Complaint if it is frivolous.  A complaint is frivolous if it "lacks

an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is

legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*,

67 F.3d 1080, 1085 (3d Cir. 1995).  Additionally, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court

to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under

§ 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under

---

[7]    The Court is not empowered to grant this relief.  *See Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.")

[8]    The Court is not empowered to grant this relief.  *Buskirk v. Pa. Bd. of Prob. & Parole*, No. 22-1826, 2022 WL 4542094, at *2 (E.D. Pa. Sept. 28, 2022) (stating "the Court has no authority to terminate the employment of a state employee") (citing *Teal v. Moody*, No. 15-1402, 2019 WL 6702405, at *1 (M.D. Fla. July 10, 2019) ("[T]o the extent Teal suggests that this Court reprimand the Defendants and/or terminate their employment, this Court does not have the authority to reprimand state employees and/or terminate their employment."); *Theriot v. Woods*, No. 09-199, 2010 WL 623684, at *4-5 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also*, *Joseph v. Dep't of Corr.*, No. 20-294, 2022 WL 4001116, at *6 (D. Al. Aug. 9, 2022), *report and recommendation adopted*, 2022 WL 3996357 (D. Al. Sept. 1, 2022) (holding that "[m]oreover, it is not apparent that the injunctive relief sought – the firing of Defendants from their positions within DOC – is an available remedy" in a § 1983 claim noting that Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." (citing *Shaw v. Murphy*, 532 U.S. 223, 230 (2001); *Turner v. Safley*, 482 U.S. 78, 84–85 (1987)).

Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Section 1915 also requires the dismissal of claims for monetary relief brought against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Rauso v. Giambrone*, 782 F. App'x 99, 101 (3d Cir. 2019) (*per curium*) (holding that § 1915(e)(2)(B)(iii) "explicitly states that a court shall dismiss a case 'at any time' where the action seeks monetary relief against a defendant who is immune from such relief").

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United State Court of Appeals for the Third Circuit, (the "Third Circuit") recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these

defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).


## III.    DISCUSSION

Brown's SAC is best understood as asserting claims for violations of his constitutional rights arising from his arrest, prosecution and conviction on drug related charges.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "A defendant in

a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); s*ee also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. New Jersey Dept. of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995); *Rode*, 845 F.2d at 1201 n.6).

A.   **Brown's Claims Against the Philadelphia Court of Common Pleas and the Commonwealth of Pennsylvania**

Brown asserts claims against the Philadelphia Court of Common Pleas and the Commonwealth of Pennsylvania.  (SAC at 18.)  However, states are not considered "persons" for purposes of § 1983.  *See Will v. Mich Dep't. of State Police*, 491 U.S. 58, 65-66 (1989).  Also, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek money damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  The Philadelphia Court of Common Pleas, as part of Pennsylvania's Unified Judicial System, shares the Commonwealth's Eleventh Amendment immunity for money damages claims filed in federal court.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).  Pennsylvania has not waived its Eleventh Amendment immunity.  *See* 42 Pa. Cons. Stat. § 8521(b).  Accordingly, Brown's claims against

the Commonwealth of Pennsylvania and the Philadelphia Court of Common Pleas are dismissed, as frivolous.

**B.      Brown's Claims Against Hangley, Feder, Shapiro and White**

**1.      Individual Capacity Claims**

Brown asserts a claim for money damages against Judge Michelle Hangley, the presiding judge in his state court criminal case.  The SAC includes only one specific factual allegation describing any conduct engaged in by Hangley:  she is alleged to have signed certified mail receipts for an "Official Police Misconduct Complaint," and a "Verified Complaint" that Brown alleges were filed in his state court criminal case.  (SAC at 14.)  Brown's claims against Hangley will be dismissed as frivolous.

Judges are entitled to absolute immunity from civil rights claims that are based on acts and/or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."  *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Brown does not allege that Hangley acted outside of her judicial capacity or without jurisdiction.  His claim against Hangley for money damages is legally baseless and is dismissed as frivolous.

Brown also asserts claims for money damages against Eric Feder, identified as the Clerk of Court for the Commonwealth of Pennsylvania, Pennsylvania Governor Josh Shapiro, and Philadelphia Police Officer Duane White.  (SAC at 7, 18.)  The SAC does not include any factual allegations describing conduct engaged in by Feder, Shapiro, or White.  As a result, the Court cannot discern the nature of any legal claims Brown may have or the basis for those claims.  In general, when presented with a *pro se* complaint, the Court must "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."  *Holley v. Dep' t of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999).  However, in this case the Court cannot determine the factual basis of the claims Brown seeks to bring with sufficient clarity to apply the relevant law.  The SAC does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue."  *Fabian*, 2017 WL 3494219, at *3.  Recently, in *Wright v. United States*, the Third Circuit affirmed the District Court's dismissal with prejudice of a *pro se* amended complaint where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them.  *Id.*, No. 22-1164 (3d Cir, July 14, 2023) (*per curiam*).  The Third Circuit indicated, "[a]s the District Court noted, the second amended complaint lacked factual allegations with respect to many named defendants. [ ] The balance of defendants has been left to guess the specific factual nature and the legal basis of [the plaintiff's] claims against them, such that they are unable to properly answer or prepare for trial."  *Id.*, slip op. at 6 (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Brown's case suffers from the same problem.  There are no allegations describing Feder's, Shapiro's, or White's conduct, leaving them to guess at the nature and basis of the claims asserted against them.  Accordingly, the claims against Feder, Shapiro, and White are dismissed for failure to state a plausible claim and because they do not comply with Federal Rule of Civil Procedure 8. Because the Court cannot state with certainty that Brown can never state plausible claims against these individuals, he is permitted to amend his SAC to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when, and why' of [his] claim."  *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).[9]

### 2.   Official Capacity Claims

Brown asserts "doing business as" claims against Hangley, Feder, and Shapiro.  (SAC at 7.)  To the extent this can be understood as asserting official capacity claims against these Defendants, Brown cannot plausibly do so.  Official capacity claims against Judge Hangley and Clerk of Court Feder are actually claims against the Pennsylvania Unified Judicial System.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an

---

[9]    The Court will not speculate as to the possible basis of any claim Brown may seek to assert against Feder, but notes that courts have held that clerks of court and clerk's office employees enjoy quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority.  *See e.g.*, *Lucarelli v. Norton*, No. 06-53, 2006 WL 709319, at *7 (M.D. Pa. Mar. 17, 2006); *Pokrandt v. Shields*, 773 F. Supp. 758, 765 (E.D. Pa. 1991) (noting that courts have held that clerks of court are entitled to immunity the same as judges); *DeFerro v. Coco*, 719 F. Supp. 379, 381 (E.D. Pa. 1989) (holding that absolute immunity extends to court clerk because he was a "nonjudicial officials whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge"); *Mercedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1971); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) ("In addition to the recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit.")

agent.'").   Since the Pennsylvania Unified Judicial System is an instrumentality of the Commonwealth, those claims are also actually claims against the Commonwealth and are, therefore, barred by Eleventh Amendment immunity as discussed above.  *See Benn* 426 F.3d at 241.  Similarly, Brown's official capacity claims against Governor Shapiro are actually claims against the Commonwealth of Pennsylvania and also may not proceed.  These claims will be dismissed with prejudice.

### C.      Brown's Claims Against Yellen and the United States

Brown asserts claims against United States Treasury Secretary Janet Yellen and the United States of America but does not assert any facts in the SAC describing any conduct engaged in by either of these Defendants.  (*See* SAC.)  This is immaterial because Brown cannot state § 1983 claims against either of these Defendants.  Yellen is not a state actor, but rather, as Secretary of the Treasury, acts under color of federal law.  Section 1983 claims allow imposition of liability for actions taken under color of state law, not federal law.  *See Davis v. Samuels*, 962 F.3d 105, 115 (3d Cir. 2020) (concluding that because "[a]ll of the defendants here . . . are alleged to be federal actors or to have acted under color of federal law, . . . the 1983 claim cannot stand.") (citation omitted).  Accordingly, Brown's 1983 claims against Yellen must be dismissed.  As to Brown's claims against the United States, they are barred by sovereign immunity.  *See Mierzwa v. United States*, 282 F. App'x. 973, 976 (3d Cir. 2008) ("The doctrine of sovereign immunity bars all suits against the United States except where such immunity is explicitly waived by Congress.") (citations omitted).[10]  Brown's § 1983 claims against Defendants Yellen and the United States are dismissed with prejudice as legally baseless.

---

[10]      The Court notes the availability of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) as a vehicle for asserting constitutional claims against federal actors. However, *Bivens* claims against the United States are also barred by sovereign immunity, absent a specific waiver.  *See Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 72 (2001); *F.D.I.C. v. Meyer,* 510 U.S. 471, 486

### D.        Brown's Claims Against Public Defender Beaver

Brown asserts a claim against Public Defender Beaver and alleges that Beaver attempted to compel him into forced peonage.  (SAC at 8.)  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted).  "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."  *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); s*ee also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.").  Because Beaver in her role as a public defender is not a state actor, Brown's § 1983 claim against her will be dismissed with prejudice.

### IV.     CONCLUSION

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis*, dismiss his claims against Hangley, Beaver, the Philadelphia Court of Common Pleas, the Commonwealth of Pennsylvania, Yellen and the United States, and his official capacity claims against Hangley, Feder, and Shapiro with prejudice as frivolous, and dismiss Brown's claims

---

n. 11 (1994); *Jaffee v. United States,* 592 F.2d 712, 717 (3d Cir. 1979).  In light of the absence of factual allegations describing any conduct engaged in by Yellen, the Court will not engage in a *Bivens* analysis of Brown's claims.

against Feder, Shapiro, and White without prejudice for failure to state a claim.  Brown's request

for injunctive relief will be denied.  Brown will be granted leave to file a third amended complaint

only as to those claims dismissed without prejudice.  An appropriate Order follows.


*NITZA I. QUIÑONES ALEJANDRO, J.*