IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE ANTHONY BROWN** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 23-CV-1265 |
| | : | |
| **MICHELLE HANGLEY,** *et al.*, | : | |
| *Defendants* | : | |

**O R D E R**

**AND NOW**, this 10th day of August, 2023, upon consideration of Plaintiff Willie Anthony Brown's *Motion to Proceed In Forma Pauperis* (ECF No. 9), *pro se* Complaint, (ECF No. 1), and his three Requests for Injunctive Relief (ECF Nos. 10, 11, 12), it is hereby **ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915, leave to proceed *in forma pauperis* is **GRANTED**.

2. The Complaint is **DEEMED** filed.

3. The Clerk of Court is **DIRECTED** to docket Brown's "Request for Injunctive Relief," (ECF Nos. 10 and 12) as "Amended Complaint," and "Second Amended Complaint," respectively and to terminate the gavels associated with those filings.

4. The Clerk of Court is **DIRECTED** to mark Brown's Complaint, Amended Complaint, and Second Amended Complaint as participant view only.  Brown is **ORDERED** to refrain from including his full Social Security number in future filings.

5. The Clerk of Court is **DIRECTED** to add the following individuals and entities as Defendants: Philadelphia Public Defender Beverly Beaver, the Philadelphia Court of Common Pleas, City of Philadelphia Police Officer Duane White, the Commonwealth of Pennsylvania, and the United States of America.

6. Brown's claims against Defendants Michelle Hangley, Philadelphia Public Defender Beverly Beaver, the Philadelphia Court of Common Pleas, the Commonwealth of

Pennsylvania, United States Treasury Secretary Janet Yellen, and the United States of America, and Brown's official capacity claims against Hangley, Feder, and Shapiro are **DISMISSED, with prejudice,** as frivolous pursuant to § 1915(e)(2)(B)(i) for the reasons set forth in the accompanying Memorandum.

7.  The Clerk of Court is **DIRECTED** to terminate the following individual and entities as Defendants: Michelle Hangley, Philadelphia Public Defender Beverly Beaver, the Philadelphia Court of Common Pleas, the Commonwealth of Pennsylvania, United States Treasury Secretary Janet Yellen, and the United States of America.

8.  Brown's claims against Defendants Eric Feder, Governor Josh Shapiro, and Officer Duane White are **DISMISSED, without prejudice,** for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) for the reasons set forth in the accompanying Memorandum.

9.  Brown may file a third amended complaint within thirty (30) days of the date of this Order *only* as to those claims the Court has dismissed without prejudice. Brown may not reassert in his amended complaint any claim already dismissed with prejudice. Any third amended complaint must identify all defendants in the caption of the third amended complaint in addition to identifying them in the body of the third amended complaint and shall state the basis for Brown's claims against each defendant. The third amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his third amended complaint, Brown should be mindful of the Court's reasons for dismissing the claims in his prior Complaints as explained in the Court's Memorandum. Upon the filing of a third amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10. The Clerk of Court is **DIRECTED** to send Brown a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Brown may use this form to file his third amended complaint if he chooses to do so.[1]

11. If Brown does not wish to amend and instead intends to stand on his Second Amended Complaint, (ECF No. 12), he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Second Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

12. If Brown fails to file any response to this Order, the Court will conclude that Brown intends to stand on his Second Amended Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals

may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

13.     Brown's Request for Injunction (ECF No. 11), is **DENIED**.[3]

                              **BY THE COURT:**

                              /s/ *Nitza I. Quiñones Alejandro*
                            **NITZA I. QUIÑONES ALEJANDRO**
                            *Judge, United States District Court*

---

under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

[3] The document bears a Philadelphia Court of Common Pleas caption and appears related to a family court matter pending in that court.