IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE ANTHONY BROWN** : | | CIVIL ACTION |
| *Plaintiff* : | | |
| : | | |
| v. : | | NO. 23-CV-1265 |
| : | | |
| **MICHELLE HANGLEY**, *et al.*, : | | |
| *Defendants* : | | |

**M E M O R A N D U M**

NITZA QUIÑONES ALEJANDRO, J.                                               NOVEMBER 13, 2023

      Currently before the Court is a Fifth Amended Complaint ("FAC" (ECF No. 17) filed by Plaintiff Willie Anthony Brown, a self-represented litigant. For the reasons set forth, the Court will dismiss Brown's FAC with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Brown will not be granted further leave to amend.

**I.    PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**[1]

      The Court initially screened Brown's Second Amended Complaint, which, at the time, was the operative pleading. *See Brown v. Hangley*, No. 23-1265, 2023 WL 5153513 at *1 n.1 (E.D. Pa. Aug. 10, 2023). In said amended complaint, Brown asserted claims against Philadelphia Court of Common Pleas Judge Michelle Hangley, Philadelphia Court of Common Pleas Clerk of Court Eric Feder, the Philadelphia Court of Common Pleas, City of Philadelphia Police Officer Duane White, Pennsylvania Governor Josh Shapiro, the Commonwealth of Pennsylvania, Philadelphia Public Defender Beverly Beaver, United States Treasury Secretary Janet Yellen, and the United States. (*Id.* at *1.) Upon screening, the Court dismissed with prejudice as frivolous Brown's

---

[1]    The allegations set forth in this Memorandum are taken from Brown's FAC (ECF No. 17). The Court adopts the pagination assigned by the CM/ECF docketing system.

1

claims against Hangley, Beaver, the Philadelphia Court of Common Pleas, the Commonwealth of Pennsylvania, Yellen and the United States, and his official capacity claims against Hangley, Feder, and Shapiro, and dismissed without prejudice his individual capacity claims against Feder, Shapiro and White.  (*Id.* at *7.)  Brown was granted leave to file a Third Amended Complaint limited to his individual capacity claims against Defendants Feder, Shapiro, and White.  (*Id.*)

After the Court filed its Order and Memorandum dismissing Brown's Second Amended Complaint and granting him leave to file a third amended complaint, Brown filed an "Amended Complaint," a "Second Amended Complaint," and a "Plain Statement as to Why Plaintiff is Entitled to Relief," which the Court construes as a further amended complaint.  (*See* ECF No. 15, 16, 17.)  In general, an amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

Moreover, the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant.  *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file

2

partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . ."). Accordingly, the Court will screen Brown's Fifth Amended Complaint, which is now the governing pleading in this case.

In his FAC, Brown identifies the following Defendants:  Judge Michelle Hangley, the Pennsylvania Unified Judicial System, Philadelphia Police Officer Duane H. White, the Commonwealth of Pennsylvania, and all City of Philadelphia "Employees; Agents; Officers; Contractors; [and] Assignees" ("Philadelphia Employees.")[2] (*Id.* at 17-18.) Like his Second Amended Complaint, Brown's FAC is lengthy and largely incomprehensible.  Therein, he references numerous statutes, including the Sherman Antitrust Act and the Tucker Act, discusses the jurisdiction of the United States Court of Federal Claims, reasserts that he has been the victim of trafficking, discusses actions in ejectment; and reasserts an earlier claim that the Defendants are acting together to manipulate the securities market.  (*See* FAC.)  Brown again includes a "Letter of Evidence of Tax-Exempt foreign Status" in his pleading, (*id.* at 37-42), and also includes an "Affidavit of Ownership of Registered Securities and Certificate of Title," (*id.* at 46-50) and a "Bill Notice for Violating Copyright" (*id.* at 50-53).[3]

---

[2] The Court has already dismissed with prejudice Brown's claims against Hangley and the Commonwealth of Pennsylvania and will not revisit these claims.  They are thus dismissed for the reasons previously provided in the Court's earlier Memorandum.

[3] Brown's FAC is replete with the type of nonsensical language and legalisms often found in pleadings filed by adherents to the so-called sovereign citizen movement, such as describing himself as both a "natural person," an "authorized representative," and "the "Trustee of the SOVEREIGN HIERARCHY USUFRUCT GALAXIAL."  (FAC at 1, 8, 17.)  He asserts that he is not required to obtain

The FAC includes few factual allegations. Brown alleges that he was detained by Defendant White while walking in Philadelphia. (*Id.* at 19.) He references state court criminal proceedings pending against him in *Commonwealth v. Brown*, No. CP-51-CR-6768-2022 (C.P. Philadelphia). (*Id.* at 7, 11, 27, 30-31.) There are no other discernible allegations describing conduct engaged in by any of the named Defendants.

Brown also refers to due process and the Fourth and Fifth Amendments to the United States Constitution in his FAC. The Court understand him to be asserting § 1983 claims based on alleged constitutional violations. As relief, Brown seeks reversion of title to unidentified property, cure for breach of an unidentified contract, due process, dismissal of the state criminal charges against him,[4] and an award of money damages from the Commonwealth of Pennsylvania, the Philadelphia Court of Common Pleas, the United States of America, the Pennsylvania Unified Judicial System, and Officer White.[5] (*Id.* at 32-36.)

---

a Social Security number, and that he is exempt from taxes because of his status. (*Id.* at 22.) "[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity. *See United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *United States v. Crawford*, No. 19-15776, 2019 WL 5677750, at *1 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use fake UCC financing statements against prosecutor was a legal nullity); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars.").

[4]   The Court is not empowered to grant this relief in a civil rights action. *See Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.")

[5]   The Court has already dismissed with prejudice Brown's claims against the Commonwealth of Pennsylvania, the Philadelphia Court of Common Pleas, and the United States and will not revisit these claims. They are thus dismissed for the reasons previously provided in the Court's earlier Memorandum.

## II. STANDARD OF REVIEW

The Court has already granted Brown leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the FAC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Section 1915 also requires the dismissal of claims for monetary relief brought against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Rauso v. Giambrone*, 782 F. App'x 99, 101 (3d Cir. 2019) (*per curiam*) (holding that § 1915(e)(2)(B)(iii) "explicitly states that a court shall dismiss a case 'at any time' where the action seeks monetary relief against a defendant who is immune from such relief").

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett*, 938 F.3d at 91. To conform to Rule 8, a pleading must contain a short and

plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.   DISCUSSION

Like his SAC, Brown's FAC is best understood as asserting claims for violations of his constitutional rights arising from his arrest and prosecution on drug related charges. The vehicle

by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

    **A.**    **Claims Against the Pennsylvania Unified Judicial System**

Brown asserts a claim for money damages against the Pennsylvania Unified Judicial System. However, the Eleventh Amendment bars suits against a state and its agencies in federal court. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). The Pennsylvania Unified Judicial System, as an instrumentality of the Commonwealth, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Accordingly, Brown's claims against the Pennsylvania Unified Judicial System will be dismissed with prejudice.

    **B.**    **Claims Against Officer White and Philadelphia Employees**

Brown asserts claims against City of Philadelphia Police Officer Duane White and unnamed Philadelphia Employees. Brown alleges that White detained him while he was walking in Philadelphia. He also describes White as the "Arresting Officer." The publicly available docket in *Commonwealth v. Brown*, CP-51-CR-6768-2022 (C.P. Philadelphia) reflects that Brown was

7

arrested on June 20, 2022 and charged with drug related offenses. Defendant White is identified as the arresting officer. (*Id.*) There are no other allegations or assertions as to why or how this alleged detention violated Brown's rights. There are no allegations at all describing the conduct of any of the unnamed Philadelphia Employees that may have resulted in a violation of Brown's constitutional rights. As a result, the Court cannot discern the nature of any legal claims Brown may have against these Defendants or the basis for those claims. In general, when presented with a *pro se* complaint, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep' t of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999). However, in this case the Court cannot determine the factual basis of the claims Brown seeks to bring with sufficient clarity to apply the relevant law. The FAC does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. Recently, in *Wright v. United States*, the United State Court of Appeals for the Third Circuit affirmed the District Court's dismissal with prejudice of a *pro se* amended complaint where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them. *Id.*, No. 22-1164, 2023 WL 4540469 (3d Cir, July 14, 2023) (*per curiam*). The Court of Appeals stated, "[a]s the District Court noted, the second amended complaint lacked factual allegations with respect to many named defendants. [ ] The balance of defendants has been left to guess the specific factual nature and the legal basis of [the plaintiff's] claims against them, such that they are unable to properly answer or prepare for trial." *Id.* at *2 (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

       Brown's claims against White and the unnamed Philadelphia Employees suffer from the same problem. The wholly undeveloped claims against White and the absent claims against the

Philadelphia Employees leave them to guess at the nature and basis of the claims asserted against them. Accordingly, these claims will be dismissed for failure to state a plausible claim and because they do not comply with Federal Rule of Civil Procedure 8. As Brown has already been given an opportunity to cure the defects in his claim and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Brown's Fifth Amended Complaint with prejudice.[6] An Order follows, which shall be docketed separately.

*NITZA QUIÑONES ALEJANDRO, J.*

---

[6] To the extent the Court did not address all claims that might have been raised in the FAC, for example, claims arising under any of the numerous statutes Brown references in the FAC, those claims lack a legal and/or factual basis and do no warrant further discussion.